JONATHAN MONROE for the use of PAUL CLARK *against* SAMUEL WALLACE.

#### IN ERROR.

M. had a judgment-against W., who conveyed his land to C.; and on this W. and C. executed a bond and warrant to M. to secure the judgment debt, which was ultimately paid by C., who subsequently reconveyed to W. and claimed to be substituted for M. in the character of a surety. *Held:* That C. having had the means of payment put into his hands by W. had himself become the principal debtor: and it was not competent for C., in order to avoid the effect of this, to allege that the conveyance to him was fraudulent and void; its object having been to elude W.'s creditors.

Error to the Common Pleas of Indiana county.

This was a feigned issue, to try the right to money in the hands of the sheriff, in which the plaintiff in error was plaintiff below. The case is sufficiently stated in the opinion of the Court.

*A. W. Foster* for plaintiff in error.

*White* and *Stannard* for defendant in error.

The opinion of the Court was delivered by

Gibson, C. J.—This is a plain case. *Monroe* has a judgment against *Wallace*, who conveys his land to *Clark:* and on this they execute a bond and warrant to *Monroe* to secure the judgment debt, which is ultimately paid by *Clark*, who subsequently reconveys to *Wallace*, and now claims to be substituted for *Monroe* in the character of a surety. But *Clark* having had the means of payment put into his hands by *Wallace*, had himself become the principal debtor: and to avoid the effect of this, he now alleges that the conveyance to him was fraudulent and void, its object having been to elude *Wallace's* creditors. But it was undoubtedly binding between *Wallace* and himself; and void or otherwise against creditors, at their election. In *Cook* v. *Grant*, 16 *Serg. & Rawle*, 198, there is a notice of the case of *Bell* v. *Laughridge* which was in all essential respects like the present. Every principle of honesty requires that the creditors, here, shall not be deprived of the legal advantage they have gained by the actual payment of the judgment, in order to restore *Clark* to the situation from which he has fallen in his abortive effort to defraud them. He can derive no equity from such a source; but the actual payment which he made, and which was satisfaction of the judgment at law, must be left to its legal consequences. It was made by him in the assumed character of a principal debtor, and he shall not now be suffered to assert that it was in a borrowed

(Jonathan Monroe *v.* Samuel Wallace.)

one. The lien is therefore gone. The bills of exception to evidence were faintly urged at the argument, and as they depend on the same principle, it is unnecessary to give them a particular consideration, especially as the judgment is right on the merits.

Judgment affirmed.